DANIEL LANNING, late sheriff &c. *vs.* DANIEL W. STREETER, executor, &c.

A sheriff, after having, in the manner prescribed by section 235 of the Code, executed an attachment upon a debt due from a third person to the defendant therein, may maintain an action against such debtor, to recover the amount of the debt attached, or so much thereof as will be sufficient to satisfy the judgment in the attachment suit; provided there was in fact an indebtedness existing from such debtor to the defendant in the attachment suit, at the time the attachment and notice were served on the former.

When an attachment is thus executed by serving upon the debtor a copy of the warrant, and a notice therewith showing the property levied on, the sheriff acquires a specific lien upon the debt, if there is one; and that is a sufficient interest to enable him to maintain an action for its recovery, or enough thereof to satisfy the judgment recovered in the attachment suit.

In order to enable the sheriff to bring the action, however, he must have actually levied upon such debt or property and subjected it to the attachment in his hands.

But where, in such an action, the sole cause of action alleged in the complaint was that at the time of service of the attachment the defendant in such action was indebted to the defendant in the attachment suit, for property received and converted into money, and for money had and received, in the sum of more than $500, and that he had refused to pay the same to the plaintiff; and the referee failed to find that the defendant was indebted to the defendant in the attachment suit, at the time the attachment and notice were served on him, but merely found that the former had in his hands a specified sum, the property of and belonging to the latter; *Held* that no cause of action was shown.

Where property fraudulently assigned has been converted into money by the assignee, or the money has been converted into other property which is claimed by the assignee to belong to him, before an attachment in an action by the creditor is issued, the attachment cannot be levied upon the money or property so held as the proceeds of that assigned, and the sheriff can maintain no action against such assignee by virtue of the attachment in his hands, to recover such proceeds.

In such a case the avails are held by the fraudulent assignee as trustee for the creditors of the assignor, and can be reached only by an action in the nature of a creditor's bill, which a sheriff cannot maintain.

Where nothing but the debt is attached, the sheriff can only maintain an action against the alleged debtor by proving the existence of a debt from him to the defendant in the attachment suit which the latter could enforce by action.

APPEAL by the defendant from a judgment entered upon the report of a referee.

The facts are stated in the opinion of the court. On the hearing before the referee, after the plaintiff had given evidence tending to show that at the time of serving the attachment Traver had money in his hands which had been fraudulently placed there ,by John Shoemaker, Jr., under some fraudulent assignment; and after the proof on the part of the plaintiff was closed, the counsel for the defendant moved that the complaint be dismissed upon the following grounds:

1. That the action being for money, and as under the evidence John Shoemaker could maintain an action against Traver, the sheriff could not.

2. That the attachment had not been executed according to law, and no lien had been acquired, the sheriff not having made any return or inventory.

3. That there had been no attempt on the part of the sheriff to obtain the certificate under the 236th section of the Code; that said certificate should have been obtained before bringing the action.

4. That judgment in the action of Smith Shoemaker against John Shoemaker, having been obtained 18th May, 1858, the attachment being a provisional remedy, ceased upon the entry of judgment; that before the sheriff could maintain any action after judgment, execution should have been issued to him upon said judgment.

The motion was denied by the referee, to which the counsel for the defendant duly excepted.

The referee reported in favor of the plaintiff for $410.79, besides interest and costs.

*D. B. Prosser,* for the appellant.

I. The motion on the part of the defendant, at the close of the evidence on the part of the plaintiff, that the complaint be dismissed, ought to have been granted, because,

Lanning *v.* Streeter.

1. The only property attempted to be attached in the hands of Traver, as appears by the notice served with the attachment, "was a debt of about $500 owing by Traver to John Shoemaker, Jr., for the avails of property belonging to Shoemaker, sold by Traver, and for money belonging to Shoemaker, then in the hands of Traver." The allegations in the complaint are, "that Traver was indebted at the time of serving the attachment, for property received by him and converted into money, and for money received." Under the notice served with the attachment, and the allegations in the complaint, unless there was such an indebtedness of Traver to Shoemaker at the time of serving the attachment, that an action could have been maintained by Shoemaker against Traver, to recover the same, the sheriff cannot maintain this action under the attachment. (*Lawrence* v. *Bank of Republic*, 35 *N. Y. Rep.* 320–2. *Greenleaf* v. *Mumford*, 4 *Abb. N. S.* 130.) The evidence on the part of the plaintiff clearly shows that no action could have been maintained by Shoemaker against Traver for or on account of the transactions disclosed by the evidence. There is no allegation of any fraud on the part of Traver in the complaint, or that Traver was attempting fraudulently to cover up Shoemaker's property; and if there had been, that would not have enabled the sheriff to maintain the action. The sheriff cannot bring a creditor's action. He does not sustain the relation of a creditor by his proceeding under the attachment. (*See authorities cited above.*) The sheriff, under the attachment, is not in a condition to attack the transaction between Traver and John Shoemaker, Jr., as fraudulent as against the creditors of Shoemaker. Under the 232d section of the Code, the sheriff can only attach and recover such debts as Shoemaker could have recovered in an action in his own name if the same had not been attached. (*Lawrence* v. *Bank of Republic*, 35 *N. Y. Rep.* 322, 323.) 2. The attachment was not executed so as to confer any rights

upon the sheriff under the 232d section of the Code, and no lien or right was acquired by the sheriff under the same. There was no inventory made or returned by the sheriff, which, according to the provisions of the 232d section, is required. Such inventory should have been made and returned before the sheriff could acquire any right under the process. He should, at least, be required to comply with the law in executing the process. The latter clause of the section provides that he " may take such legal proceeding, either in his own name or in the name of the defendant, as may be necessary for that purpose, &c., and discontinue the same at such time and on such terms as the court or judge may direct." Unless an inventory is made and returned, it is evident that there is nothing upon which the court or judge could give directions. 3. Before an action should be permitted to be brought by a sheriff under an attachment to recover a debt or demand due to the defendant, he should have obtained the certificate provided for in the 236th section of the Code. Ample provision is made in that section for obtaining such certificate. Upon obtaining the certificate the sheriff would then be in a condition to make and return his inventory. 4. Judgment having been obtained in the attachment suit by Smith Shoemaker, the plaintiff therein, against John Shoemaker, Jr., on the 18th May, 1858, more than a year and a half prior to the commencement of this action, January 25th, 1860, execution should have been issued and placed in the hands of the sheriff, in order to have authorized him to commence this action after payment.

II. The sale of the personal property of Shoemaker upon the judgment and execution in favor of Traver having taken place nearly two months before the commencement of the action by Smith Shoemaker against John; and the order of the special term, vacating and setting aside the judgment in favor of Traver, so far as it affects the lien of the judgment in favor of Smith Shoemaker,

Lanning *v.* Streeter.

having been obtained more than a year after the sale of the personal property of John Shoemaker on the execution in favor of Traver, did not give or create a lien upon the proceeds arising from said sale.

The referee erred in his conclusions of law that Traver was not entitled to retain any part of the proceeds arising from the sale of John Shoemaker, Jr.'s personal property under the execution in favor of Traver; because, 1st. The execution in favor of Traver was executed and returned more than one month before the action was commenced by Smith Shoemaker, and before the issuing of the attachment; and the order does not in any way attempt to vacate or set aside the execution; the order simply vacates and sets aside the judgment so far as it affects the priority of the lien of the judgment in favor of Smith Shoemaker. 2d. No execution having been issued upon the judgment in favor of Smith Shoemaker against John Shoemaker, Jr., Smith Shoemaker never had any lien upon the personal property of said John Shoemaker. The judgment was no lien upon personal property; lien upon personal property only attaches upon the issuing and delivery of execution to the sheriff. (*Beals* v. *Guernsey*, 8 *John.* 446. *Ray* v. *Birdseye*, 5 *Denio*, 619. *S. C.*, 4 *Hill*, 158.) The actual issuing of an execution was necessary in order to create a lien upon personal property. As no execution was ever issued, there could be no lien. The order of the special term cannot in any way affect the execution in favor of Traver, and the sale under the same.

III. The referee erred in finding that on the 9th day of February, 1858, at the time of serving the attachment, there was in the hands of Traver the sum of $451.73, the property of and belonging to John Shoemaker, Jr. Such finding is contrary to the other facts found by the referee, and is more in the nature of a conclusion of law than a finding of a fact. The referee finds as a fact that Traver received, on the sale of Shoemaker's property upon the

execution in his favor, the sum of $580.73. And some time about the 3d of December, Traver received from John Shoemaker, Jr., the sum of $878.63, proceeds of a farm sold by Shoemaker, making in all the sum of $1459.36. This is the sum total which was received by Traver from Shoemaker, or the proceeds of Shoemaker's property. There is no pretense that Traver received a farthing from any other source, which had any connection with Shoemaker or his property.

The referee finds that $300 of the $878.63, was loaned by the direction of Shoemaker, at the time it was received by him, to one Keefer, and Keefer's note taken, payable to the wife of Shoemaker, and during the month of December, 1857, Traver paid debts of John Shoemaker, Jr., to the amount of $307.62, and on the 4th day of January, 1858, Traver paid to the wife of Shoemaker $300, making in all the sum of $907.62 paid out by Traver, of the moneys received by him of Shoemaker, prior to the 5th of January, 1858, one month prior to the issuing of the attachment; leaving the sum of $551.74 in the hands of Traver, including the sum of $580.73 received of Traver, upon the sale of Shoemaker's personal property upon the execution in Traver's favor against Shoemaker. There can be no question or doubt that Traver, as against John Shoemaker, Jr., had a perfect right to the proceeds arising from the sale of Shoemaker's personal property on the execution in his favor; nor can there be any question but that Traver would have had a perfect right to retain a sufficient amount of the sum placed in his hands by Shoemaker to satisfy the balance due upon his judgment. The judgment was a valid judgment against John Shoemaker, which he could not dispute or question. The most that can be legally claimed on the part of the plaintiff, as sheriff, under the complaint in this action, by virtue of the attachment and his proceedings thereon, is that he is substituted in the place and stead of John Shoemaker, Jr., the de-

fendant in the attachment, and can only enforce such rights as could have been enforced by said Shoemaker in case no attachment had been issued. (*Code*, § 232, *and the authorities before cited.*)

IV. The referee erred in his conclusion of law that the plaintiff was entitled to judgment. The facts found do not warrant any such conclusion of law. The referee wholly failed to find that Traver was indebted to John Shoemaker, Jr., at the time of serving the attachment. The finding that Traver had in his hands, at the time of the service of attachment, $551.74, the property of, and belonging to, John Shoemaker, Jr., is not finding that Traver was indebted to Shoemaker.

*D. J. Sunderlin,* for the respondent.

I. If Traver, in fact, had money in his hands belonging to John Shoemaker, or owed him money, or was liable to account to him for money at the time of the service of the attachment, then the attachment created a lien upon such money, and the proper way to reach it was, by action, either in the name of the original plaintiff (*Code*, § 238) or in the name of the sheriff. (§§ 232, 237, *subd.* 4.)

In *Orser, sheriff,* v. *Grossman,* (11 *How. Pr.* 523,) Judge Woodruff says: "The remedy is extraordinary; it is to operate in substance like an assignment by the absent debtor to the sheriff;" and the right of the sheriff to bring the action was not questioned.

That Traver had in his hands a large amount of money belonging to the absconding debtor when the attachment was served, was abundantly proved upon the trial, and has been found by the referee. His finding upon that question is final and conclusive. It is of no importance whether Traver owed it to John as a debt, whether it was a deposit, or whether he held it as a trust. It was enough that it was the money of John Shoemaker; and by operation of law the sheriff became the assignee, and Traver

withheld it in contempt of the attachment. Nor is it material whether the money was described as a debt, or a trust, in the complaint, attachment or notice indorsed thereon; no person has been misled. The fact has been proved, without objection, and if necessary, the court will deem the proceedings amended so as to conform to facts proved, and facts found by the referee, for the purpose of sustaining the judgment. (*Code,* § 173. *Rayner* v. *Clark,* 7 *Barb.* 581. *Harrower* v. *Heath,* 19 *id.* 331. *Clark* v. *Dales,* 20 *id.* 42, 67. *Bate* v. *Graham,* 1 *Kernan,* 237. *Lounsbury* v. *Purdy,* 18 *N. Y. Rep.* 515, 521. *Bennett* v. *Judson,* 21 *id.* 238, 240. *Bank of Havana* v. *Magee,* 20 *id.* 355.) In this last case, Judge Denio says: "The courts are directed, in every stage of an action, to disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party, and they are forbidden to reverse a judgment for any such error or defect. (*Code,* § 176.) The learned judge further says: "The mandate is addressed to this court, equally with the court of original jurisdiction."

II. In reviewing a judgment, this court is not to re-try the action, but is only at liberty to correct errors which appear affirmatively upon the papers; and unless it shall appear that some rule of law has been violated in the rulings of the referee upon the trial, or in his findings upon questions of law, the judgment should be affirmed. (*Simmons' executors* v. *Sisson and others, per Welles, J., in MS.*) Every legal intendment is in favor of the judgment, and even though it should be objected that the findings of fact by the referee are not as full in every particular as the counsel may desire, yet there is no exception founded upon such omission, and the question cannot be considered in this court, on appeal. It is enough that Traver had money in his hands belonging to the absconding debtor, and wrongfully withheld it from the creditors of such debtor; the law pronounces it a contempt of the

attachment, and the referee decided that the plaintiff was entitled to judgment. It should be remembered the defendant makes his case and exceptions on which to appeal. There is no exception intimating that the referee omitted to find any fact essential to the right of recovery on the part of the plaintiff, nor was the referee required to find any fact which was deemed essential to a defense, or any exception for such omission. But the counsel must stand upon his case as made, with every presumption in favor of the judgment. It is therefore submitted that the judgment should be affirmed, with costs.

*By the Court,* JOHNSON, J. This action was brought by the plaintiff, as sheriff of Yates county, against Jasper Traver, now deceased, and the present defendant has been duly substituted as his executor. The foundation of the action is a debt, alleged to have been due from said Traver, on the 9th of February, 1858, to John Shoemaker, Jr. This alleged debt, the plaintiff, as such sheriff, attached in the hands of Traver, by virtue of an attachment, issued and placed in his hands, in a certain action in this court, brought by Smith Shoemaker against the said John Shoemaker, Jr. The attachment in that action was issued upon the ground that said John Shoemaker, Jr., had departed from the State with intent to defraud his creditors. The notice, served by the plaintiff on the said Traver, with the copy of the attachment, was that the property levied on by virtue of such attachment was "a debt of about $550, owing by you to the said defendant for the avails of property belonging to him and sold by you, and for money belonging to him and now in your possession or under your control, and you are hereby forbidden paying the said debt to any person other than the said plaintiff or his attorneys." Judgment was recovered in that action, in favor of the plaintiff therein, against the defendant, for $410.79, damages and costs, in May, 1858. The attach-

ment and notice in that action were served upon Traver, the defendant's testator, on the 9th of February, 1858.

This action was afterwards, though at what time does not appear, brought by the plaintiff, as sheriff, to recover the amount of the debt attached, or so much thereof as would be sufficient to satisfy the judgment in that action. The sole cause of action alleged in the complaint is that at the time of the service of the attachment in that action the said Traver was indebted to the said John Shoemaker, Jr., for property received and converted into money, and for money had and received of said John Shoemaker, Jr., in the sum of more than $500, and that said Traver had refused to pay the same to the plaintiff although often requested so to do. The answer of Traver denied his indebtedness to said Shoemaker. It is objected on behalf of the defendant that the sheriff cannot maintain such an action. But I see no difficulty in the way of the sheriff bringing and maintaining such an action if there was in fact an indebtedness existing from Traver to Shoemaker, at the time the attachment and notice were served on the former. The debt, if it existed, was incapable of manual delivery, and the attachment was executed upon it in the manner prescribed by section 235 of the Code, by serving the copy of the warrant and a notice therewith showing the property levied on. By this means the sheriff acquired a specific lien upon the debt, if there was one, and that is a sufficient interest to enable him to maintain an action for its recovery, or enough thereof to satisfy the judgment recovered in the attachment suit. The sheriff is expressly authorized to bring such an action by the Code, section 232; also section 237, subdivision 4. (*Rinchey* v. *Stryker*, 28 *N. Y. Rep.* 45.) But in order to enable the sheriff to bring the action in any such case, he must have actually levied upon such debt or property and subjected it to the attachment in his hands. If he has not done this he can have no right of action to recover such debt or property

against any one. Of course, if there was no debt in this case from Traver to Shoemaker, the action must fail. The debt was the only thing levied upon by the plaintiff, in the hands of Traver, or attempted to be, and is the only cause of action set out in the complaint.

The referee, it will be seen, has not found, upon the evidence before him, either as matter of fact, or as a conclusion of law, that Traver was indebted to Shoemaker at the time the attachment and notice were served on him. All that he has found upon that subject is that at that time " the said Jasper Traver had in his hands the sum of $551.74, the property of and belonging to the said John Shoemaker, Jr. This clearly shows no cause of action. If Traver held Shoemaker's money in his hands at that time, the legal inference is that he held it as agent or bailee, and this would create no debt. As the fact of indebtedness was the only issue, and the referee has failed to find that he held it under circumstances which would make him the debtor of Shoemaker, or that he was in fact such debtor, no ground for a recovery is made to appear. Shoemaker's money in Traver's hands was not attached, but only a debt from the latter to the former. All that Traver was forbidden to pay over to Shoemaker, was the debt he was owing him. Anything else in his hands he might lawfully deliver over, unless it had been levied upon by the attachment. If he had Shoemaker's money in his hands, the idea is wholly excluded that he was indebted to Shoemaker for it, and there is no presumption that he had not paid it over long before this action was brought. It would be manifestly unjust to allow a recovery against Traver, or his estate, now, for money or property belonging to Shoemaker, which he then held, and which he had no right to keep, and which the law must presume, in the absence of all evidence to the contrary, he did not keep from the lawful owner. But it is enough for this case, to say that the conclusion of law arrived at

by the referee, that the plaintiff was entitled to recover, because the defendant's testator had in his hands the money of Shoemaker, at the time of the service of the attachment and notice, is erroneous, and cannot be upheld. The plaintiff acquired no right to it if he did not levy upon it, and no cause of action accrued to him, against any one, to recover it. Where property or money has been fraudulently transferred by a debtor, to a third person, for the purpose of hindering, delaying or defrauding the creditors of such debtor, the sheriff having an attachment against such debtor, may levy such attachment upon the property, or money, so assigned or transferred, and bring his action and contest the right of the person in possession, and prove the fraudulent transfer. This was held in the case of *Rinchey* v. *Stryker,* (*supra.*) But in such case the identical thing fraudulently assigned must be attached, and a specific lien acquired by virtue of the levy of the attachment. The creditor, in such a case, does not become the creditor at large of his debtor, by virtue of his action and attachment, but both himself, and the sheriff as his bailee, are confined to the property actually levied upon. But when the property so fraudulently assigned has been converted into money by the assignee, or the money has been converted into other property which is claimed by the assignee to belong to him, before the attachment in the action by the creditor is issued, the attachment cannot be levied upon the money or property so held as the proceeds of that assigned, and the sheriff can maintain no action against such assignee, by virtue of the attachment in his hands, to recover such proceeds. In such a case the avails are held by the fraudulent assignee as trustee for the creditors of the assignor, and can be reached only by an action in the nature of a creditor's bill, which a sheriff cannot maintain. This is well settled. (*Lawrence* v. *Bank of the Republic,* 35 *N. Y. Rep.* 320. *Campbell* v. *Erie Railway Co.,* 46 *Barb.* 540. *Greenleaf* v. *Mumford,* 35 *How. Pr.* 148.) It is

Lanning *v.* Streeter.

quite apparent, upon examining the evidence and the report of the referee, that this distinction, which lies at the very foundation of the right of action by a sheriff, derived from his attachment, was wholly lost sight of or disregarded, by the referee. The whole case shows that the action was tried and determined as though it had been an action in the nature of a creditor's bill, and without any regard to the question of a specific lien by a levy under the attachment. As nothing but the debt was attached in this case, the plaintiff, as sheriff, could only maintain his action by proving the existence of a debt from Traver to John Shoemaker, Jr., which the latter could enforce by action. If he can make out such a claim only as the creditors of Shoemaker can enforce in equity, but which Shoemaker himself cannot enforce against Traver or his estate, the action can never be sustained. In the latter case the action must be brought by the plaintiff in the judgment, and be in the nature of a creditor's bill.

The judgment must therefore be reversed, and a new trial granted, with costs to abide the event.

New trial granted.

[MONROE GENERAL TERM, December 6, 1869.  *E. Darwin Smith, J. C. Smith* and *Johnson,* Justices.]